2007 ME 8

## GUARDIANSHIP OF AUTUMN S. et al.

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 20, 2006.

Decided: Jan. 11, 2007.

Donald F. Brown, Law Offices of Don Brown, Brewer, for appellant.

Appellee did not file a brief.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

CLIFFORD, J.

[¶ 1] The mother of Autumn S. and Brandon S. appeals from a judgment entered in the Waldo County Probate Court (*Longley, J.*) denying her petition to terminate the guardianship for her two children. The mother contends that the court should have terminated the guardianship by granting her motion for a judgment as a matter of law. The mother also contends that the court erred by finding that the guardian met her burden of proof, and argues that the evidence was insufficient to show that continuation of the guardianship was in the best interest of the two children. We affirm the judgment.

[¶ 2] In February and March of 2004, the court conducted a full guardianship hearing, and issued an order appointing the children's grandmother, the mother's mother, as the guardian of Autumn and Brandon, concluding that the appointment would serve the welfare and best interest of the children. The court based its decision on its findings that the father of the children was deceased and that "the mother … still has continuing substance abuse issues that have not been resolved and is not able to properly care for the [children]." The court further noted that the grandmother is "willing and able to care for the minor[s] and is also willing to arrange for visitation between the minor[s] and the mother in the hopes of reunification."

[¶ 3] On March 11, 2005, the mother, in order to regain custody of her children, pursuant to 18–A M.R.S.A. § 5–212(d) (1998),[1] petitioned the court for termination of the guardianship, asserting that she had been through a rehabilitation program and was then able to adequately care for her children. The court, however, denied the mother's petition, concluding that, "more time is needed to insure [the mother's] ongoing recovery from her substance abuse problems." The mother appealed.

[¶ 4] The mother first contends that the court should have granted her motion for judgment as a matter of law made during the hearing. Pursuant to M.R. Civ. P. 50(d), a party may make a motion at any time for judgment as a matter of law but, "[b]efore considering the motion, the court shall ascertain that the party opposing the motion has been fully heard with respect to the issue or issues raised." The court may "decline to render any judgment until the close of all the evidence." M.R. Civ. P. 50(d). The transcript of the proceedings before the Probate Court reveals that, at the time that the mother moved for judgment as a matter of law, the guardian had not been fully heard on whether the guardianship should be terminated, and on what was in the best interest

---

1. Title 18–A M.R.S.A. § 5–212(d) (1998) provided:

> The court may not terminate the guardianship in the absence of the guardian's consent unless the court finds by a preponderance of the evidence that the termination is in the best interest of the ward. The guardian has the burden of showing by a preponderance of the evidence that continuation of

the guardianship is in the best interest of the ward.

Title 18–A M.R.S.A. § 5–212(d) (1998) has been since amended. *See* P.L. 2005, ch. 371, §§ 5, 6 (effective Sept. 17, 2005) (codified at 18–A M.R.S. § 5–212(d) (2005)). The burden of proof is now on the petitioner to show that termination of the guardianship is in the best interest of the ward.

of the children because she had another witness to call. The court acted within its discretion when it denied the motion at the time that it was made, and, because the motion was not renewed at the close of all of the evidence, the court was not obligated to reconsider the motion. *See* M.R. Civ. P. 50(d).

[¶ 5] The mother also contends that the factual findings of the Probate Court are clearly erroneous, and that the guardian failed to meet her burden to prove, pursuant to 18–A M.R.S.A. § 5–212(d), that continuation of the guardianship was in the best interest of the ward. "On a direct appeal from the Probate Court, we review the court's factual findings for clear error." *In re Amberley D.*, 2001 ME 87, ¶ 20, 775 A.2d 1158, 1165. "A factual determination is clearly erroneous only when there is no competent evidence in the record to support it." *Guardianship of Boyle*, 674 A.2d 912, 913 (Me.1996). "It is primarily for the factfinder to assess the credibility of witnesses and to consider the weight and significance of the evidence." *Id.* The mother had a history of substance abuse, which led to the creation of the guardianship. The mother contended that she had not abused substances for many months, and that she was ready to assume full responsibility for her children. There was some evidence presented at the hearing, however, that the mother had abused substances more recently than she had claimed in her testimony.

[¶ 6] We cannot say that the court's conclusion that more time is needed to ensure the mother's ongoing recovery from her abuse of substances is not supported in the record, nor can we conclude that it is erroneous as a matter of law.[2] *See id.*

The entry is:

Judgment affirmed.

---

**2.** The mother is permitted to file a subsequent petition for termination of the guardianship pursuant to 18–A M.R.S. § 5–212(d), and may show a change of circumstances based on her continuing recovery from her past abuse of substances over a period of time sufficient to demonstrate that the original finding of intolerable circumstances has been alleviated, which would permit her to recover custody of her children.